IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                    3:16-cr-00226-HZ

                   Plaintiff,            OPINION & ORDER

     v.

JOHN WILLIAM BUTLER III,

                  Defendant.

Billy J. Williams
United States Attorney
Amy E. Potter
Assistant United States Attorney
United States Attorney's Office
405 E. 8th Avenue, Suite 2400
Eugene, OR 97401

       Attorney for Plaintiff

Thomas J. Hester
Assistant Federal Public Defender
Office of the Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204

       Attorney for Defendant

HERNÁNDEZ, District Judge:

Defendant moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). The Government opposes Defendant's motion. For the reasons that follow, the motion is denied.

## BACKGROUND

On January 9, 2017, Defendant pleaded guilty to Felon in Possession of a Firearm. Pet. & Order Entering Guilty Plea, ECF 17. The Court sentenced Defendant to one hundred twenty months imprisonment. Amended Judgment, ECF 33. At the time of filing, Defendant's projected release date was October 24, 2024. Def. Mot. 3, ECF 35. Defendant is currently serving his sentence at FCI Lompoc.

## STANDARDS

A federal district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 824–25 (2010). With the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), however, Congress authorized the district court to modify a defendant's sentence on a motion for compassionate release:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i)  Extraordinary and compelling reasons warrant such a reduction; [ . . . ]
> >
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The policy statement issued by the United States Sentencing Commission identifies four categories of extraordinary and compelling reasons: (A) the medical condition of the defendant; (B) the age of the defendant; (C) family circumstances; and (D) other reasons, as determined by the Director of the BOP, that amount to an extraordinary and compelling reason "other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 app. n. 1(A)–(D).

The policy statement also requires the court to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a), and whether the defendant is a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(4).

The defendant seeking a reduction of his sentence bears the burden to establish that the defendant has exhausted his administrative remedies and that extraordinary and compelling reasons exist to warrant a reduction of his or her sentence. 18 U.S.C. § 3582(c)(1)(A); *United States v. Greenhut*, 2:18-CR-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (holding that a defendant bears the burden of establishing entitlement to sentencing reduction and citing *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998)).

## DISCUSSION

Defendant is 55 years old. He asserts that he suffers from "chronic asthma, essential hypertension, hyperlipidemia (high cholesterol), bipolar disorder, and anxiety." Def. Mot. 1, ECF 35. He argues that these serious medical conditions and his age, combined with the growing

pandemic and FCI Lompoc's response to COVID-19, provide extraordinary and compelling reasons to reduce his sentence.[1]

The Government argues that Defendant does not qualify for compassionate release because his asserted medical conditions have not been shown to increase a person's risk for developing serious illness from COVID-19. The Government further argues that Defendant has failed to show he is no longer a danger to the community.

As a preliminary matter, the Court acknowledges that we are in the midst of a global health crisis. The Court also acknowledges that prisoners are exceptionally vulnerable to infection due to the lack of distancing and hygiene issues endemic to prison life.[2] Nevertheless, the Court cannot find that Defendant has met his burden to show that extraordinary and compelling reasons exist to warrant a reduction of his sentence.

### A. Defendant's Medical Conditions

According to the Centers for Disease Control and Prevention (CDC), older adults and people with certain underlying medical conditions are more likely to become severely ill from COVID-19.[3] These conditions include "serious heart conditions, such as heart failure, coronary

---

[1] Defendant also notes that he was diagnosed with COVID-19 in May of 2020. The Court acknowledges that there is limited evidence on COVID-19 immunity and does not consider his motion as though he is at a lower of risk of reinfection due to his previous diagnosis. *See Interim Clinical Guidance for Management of Patients with Confirmed Coronavirus Disease (COVID-19)*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-guidance-management-patients.html (last updated Sept. 10, 2020).

[2] *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional & Detention Facilities*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last updated July 22, 2020).

[3] *People at Increased Risk of Severe Illness*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html  (last updated Sept. 11, 2020).

artery disease, or cardiomyopathies."[4] The CDC has also identified conditions that *may* increase

the risk for severe illness from COVID-19.[5] These conditions include asthma (moderate-to-

severe) and hypertension.[6]

Here, Defendant has not identified any conditions that appear on the CDC's list of

conditions that are likely to increase the risk of severe illness from COVID-19. Rather he has

two documented conditions which the CDC indicates *may* increase a patient's risk of serious

illness from COVID-19: asthma and hypertension.

Overall it appears Defendant's asthma and hypertension are relatively well-managed.

Despite periods of needing to request more medication, he has received consistent medical care

and prescription drugs to treat his asthma. Additionally, Defendant's hypertension is just outside

the normal range for his age and has been regularly treated.

Defendant also reports that he has high cholesterol. While, the CDC recommends

reducing cholesterol to manage the risk associated with other serious heart conditions, Defendant

does not suffer from any of those heart conditions, and high cholesterol alone is not a known risk

factor.[7]

---

[4] *People with Certain Medical Conditions*, Centers for Disease Control and Prevention,
https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-
conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-
ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated Sept. 11, 2020).
[5] *Id.*
[6] *Id.* Conditions listed as likely to increase the risk for severe illness from COVID-19 are
supported by the "strongest and most consistent evidence," defined as "consistent evidence from
multiple small studies or a strong association from a large study." *Scientific Evidence for
Conditions that Increase Risk of Severe Illness*, Centers for Disease Control and Prevention,
https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html (last
updated July 28, 2020). Conditions that may increase the risk for severe illness from COVID-19
are supported by mixed evidence, defined as "multiple studies that reached different conclusions
about risk associated with a condition," or limited evidence, defined as "consistent evidence
from a small number of studies." *Id.*
[7] *Id.*

Finally, Defendant argues his mental health diagnoses of anxiety and depression "render him more vulnerable to the deleterious effects of COVID-19." Def. Mot. 11., ECF 35. The Court acknowledges that the circumstances of COVID-19 undoubtedly present challenges for people managing mental health conditions in prison and is sympathetic to Defendant's concerns. However, these diagnoses when not combined with other risk factors that increase his risk of serious illness from COVID-19, are not enough to warrant compassionate release.

### B.  Defendant's Age

Defendant argues his age places him at a higher risk of serious illness due to COVID-19. At 55, Defendant is younger than the high-risk group identified by the CDC.[8] The Court finds that although Defendant has a higher risk of severe illness when compared to younger inmates— and a lower risk than older inmates—his age is not an extraordinary or compelling reason to reduce his sentence.

### C.  FCI Lompoc's Response to the Pandemic

Defendant notes that FCI Lompoc has had the highest rate of infection of any BOP facility in the country. He argues that after a serious outbreak in May 2020, FCI Lompoc failed to re-test inmates who had previously tested positive–casting doubt on the number of currently known infections versus inmates who have recovered from the virus. He also points to the recent Office of the Inspector General (OIG) report on the pandemic response at FCC Lompoc which concluded that the FCC Lompoc failed to take several measures that could have prevented the spread of COVID-19 in its four facilities.[9]

---

[8] *Older Adults*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated Sept. 11, 2020).
[9] *PANDEMIC RESPONSE REPORT 20-086-Remote Inspection of Federal Correctional Complex Lompoc*, Department of Justice Office of the Inspector General, July 2020

6 – OPINION & ORDER

The Government argues that although FCC Lompoc had a COVID-19 outbreak in May, now there are far fewer cases. As of September 23, 2020, FCI Lompoc has zero active inmate cases and three active staff cases.[10] As a result, the rates of infection at FCI Lompoc have tapered off, and do not pose an extraordinary risk of infection. Additionally, even though the Government does not refute Defendant's contention that re-testing at FCC Lompoc has not occurred since the May outbreak, current evidence suggests the risk that inmates would remain infected over three months later is low.[11]

As found in the OIG report, the Court acknowledges that FCC Lompoc's initial response to the COVID-19 pandemic was unacceptable and resulted in suffering and loss of life.[12] The Court regrets that Defendant had to witness the passing of a fellow inmate and experience the virus himself. Nevertheless, the Court cannot find that Defendant has met his burden to show that FCI Lompoc's current response or infection rate is an extraordinary and compelling reason to warrant a reduction of his sentence.

---

https://oig.justice.gov/reports/remote-inspection-federal-correctional-complex-lompoc. FCC Lompoc comprises four separate facilities, including FCI Lompoc where Defendant is serving his sentence.

[10] *COVID-19 Cases*, Fed. Bureau of Prisons, bop.gov/coronavirus (last visited Sept. 23, 2020).

[11] *Duration of Isolation and Precautions for Adults with COVID-19*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/hcp/duration-isolation.html (last updated Sept. 10, 2020) (noting that data indicates people with COVID-19 remain infectious for no longer than twenty days after symptom onset and that "[s]tudies have not found evidence that clinically recovered persons with persistence of viral RNA have transmitted SARS-CoV-2 to others).

[12] *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) for Correctional & Detention Facilities*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last updated July 22, 2020).

**D.  Defendant's Risk to the Community**

The Court has reviewed the Government's and Defendant's arguments as to whether Defendant is a danger to the community. The Court commends Defendant for completing the Residential Drug Abuse Treatment Program and attempting to address the underlying factors that may have led to his sentence. The Court also notes that Defendant has four years remaining on his sentence, prior convictions involving firearms, and a history of domestic violence.  However, because the Court has determined that extraordinary and compelling circumstances do not warrant a reduction of the defendant's sentence, the Court declines to make a finding regarding whether the defendant remains a danger to others or to the community at this time.

## CONCLUSION

The Court DENIES Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [35] without prejudice and with leave to seek reconsideration if circumstances change.

IT IS SO ORDERED.

DATED:   November 5, 2020   .

_Marco Hernandez_

MARCO A. HERNÁNDEZ
United States District Judge