IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:16-cr-00226-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| JOHN WILLIAM BUTLER III, | |
| Defendant. | |

Natalie K. Wight
United States Attorney, District of Oregon
Ethan G. Bodell
Special Assistant United States Attorney
1000 SW Third Ave., Suite 600
Portland, OR 97204

    Attorneys for Plaintiff


John William Butler III
Federal Correction Institute – Lompoc
3600 Guard Road
Lompoc, CA 93436

    *Pro se*


1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

John William Butler III moves for a reduction of his sentence of incarceration for "extraordinary and compelling reasons" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government opposes Defendant's motion. This matter is suitable for decision without oral argument. For the following reasons, the Court denies Defendant's motion.

## BACKGROUND

On September 12, 2016, Defendant pleaded guilty to being a felon in possession of a firearm. Pet. & Order Entering Guilty Plea, ECF 17. The Court sentenced Defendant to a 120-month term of imprisonment. Am. Judgment, ECF 33. At the time the present motion was filed, Defendant's projected release date was October 14, 2024. Def. Mot. to Reduce Sentence (Aug. 12, 2020) Ex. A at 3, ECF 35. Defendant is currently serving his sentence at FCI Lompoc.

Defendant previously moved for compassionate release on August 12, 2020, after he was infected with COVID-19. Def. Mot., ECF 35. The Court ultimately denied that motion on reconsideration. Order, ECF 61.

## STANDARDS

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as compassionate release, to reduce a defendant's sentence for "extraordinary and compelling reasons." Under the original statute, only the Director of the Bureau of Prisons ("BOP") could file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). But with the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to also allow a

defendant, after first requesting that the BOP move for a reduction on his or her behalf, to directly move the district court for a sentence reduction. 18 U.S.C. § 3582(c)(1)(A).

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) Extraordinary and compelling reasons warrant such a reduction; [. . . ]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical condition, and "family circumstances." U.S.S.G. § 1B1.13 app. n.1(A)-(C). The Sentencing Commission's policy statement, however, only applies to § 3582(c)(1)(A) motions filed by the BOP Director on behalf of a defendant. *Aruda*, 993 F.3d at 801. On a defendant's direct motion for compassionate release, the policy factors "may inform a district court's discretion . . ., but they are not binding." *Id.* (citation omitted). As a result, the court may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.*

In short, the defendant must show (1) exhaustion of administrative remedies, (2) "extraordinary and compelling reasons," and (3) that a reduction of the term of imprisonment would be consistent with the sentencing factors. 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

The Court concludes that although Defendant has exhausted his administrative remedies and shown extraordinary and compelling reasons, a reduction of his sentence would not be consistent with the sentencing factors. Defendant asserts that on August 18, 2022, he requested

3 – OPINION & ORDER

release from the warden and received no response. Def. Mot. 9, ECF 65. The Government accepts that Defendant thereby exhausted his administrative remedies. Gov. Resp. 4, ECF 68.

Defendant bases his motion on his various health conditions, some of which have been ongoing and some of which developed as a result of being reinfected with COVID-19 on or about August 1, 2022. Def. Mot. 4. According to Defendant, his conditions include "Hypertension, Asthma, Stage 3 Kidney Diease, [sic] CKD,Anxiety, G.E.R.D, Gastro-esophageal reflux disease, P.T.S.D, Post Traumatic Stress Disorder, and Newly Documented Binocular Double Vision, after being reinfected with COVID again." *Id.* Defendant states that due to his double vision, he "can not even walk stably without an eye patch." *Id.* He asserts that he has not been given an MRI or been able to see a pulmonologist. *Id.* He contends that BOP has failed to maintain good protocols related to COVID-19 at Lompoc and has generally failed to give him the medical care he needs in the wake of his reinfection and its aftermath. *Id.* at 5-6.

During the Court's reconsideration of Defendant's prior motion for compassionate release, the Government conceded that Defendant's health conditions in the context of the COVID-19 pandemic were an extraordinary and compelling circumstance. Gov. Resp. 3-4. *See also* Order, ECF 61 (highlighting Defendant's kidney disease). The Government expresses uncertainty that Defendant's health conditions remain extraordinary and compelling given the availability of vaccines against COVID-19. Gov. Resp. 4.

The Court disagrees with the Government that the availability of the vaccine is a reason to find that Defendant's health conditions are no longer extraordinary and compelling. Defendant alleges that he was fully vaccinated and still was reinfected with COVID-19, leading him to develop additional health problems. Def. Mot. 4. However, the Court agrees with the Government that even if Defendant's health conditions are extraordinary and compelling,

4 – OPINION & ORDER

Defendant has failed to show that a reduction of his sentence would be consistent with the federal sentencing factors.

The Court must consider whether reducing Defendant's sentence would be consistent with the sentencing factors outlined at 18 U.S.C. § 3553. The first four of the seven factors are relevant here. These factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed" to, among other things, "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment," and "protect the public from further crimes of the defendant"; (3) "the kinds of sentences available"; and (4) "the kinds of sentence and sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(1)-(4).

All four of these factors point against a reduction of Defendant's sentence. First, Defendant has a history of committing violent offenses involving firearms. His current sentence was imposed after a 2016 domestic violence incident in which he held a gun to his girlfriend's head. Presentence Report ("PSR") ¶¶ 12-15, ECF 24. Defendant also committed armed robbery in 1991 and 1998, and was convicted of being a felon in possession of a firearm in 1995. PSR ¶¶ 44-46. This criminal history is serious and indicates that Defendant may pose a danger to the public if he is released. Second, given the nature of Defendant's offense, the sentence imposed is needed to reflect the seriousness of his acts, promote respect for the law, provide just punishment, and protect the public from further crimes by the defendant. Third, through his plea deal, Defendant avoided a mandatory minimum 15-year sentence as an Armed Career Criminal. PSR ¶ 8. His sentence of 10 years already represents a major reduction. Under these circumstances, reducing Defendant's sentence would be inconsistent with the sentencing factors.

The Court recognizes that Defendant has made progress in addressing his alcohol addiction and has maintained a good disciplinary record while incarcerated. Def. Reply 5, 8, ECF 71. However, the Court concludes that release at this time is not consistent with the sentencing factors.

## CONCLUSION

The Court DENIES Defendant's Emergency Motion to Reduce the Term of Imprisonment [65].

IT IS SO ORDERED.

DATED:   November 18, 2022   .

_____
MARCO A. HERNANDEZ
United States District Judge